QUESTIONS: 1. Is Ch. 74-274, Laws of Florida [ss. 112.531-112.534, F.S. (1974 Supp.)], a limitation on a city council's right to investigate morale conditions in the police department and, if so, what procedure must be followed? 2. What type of procedure is permitted to be established in view of the limitations in Ch. 74-274 when s. 3 thereof [s. 112.533, F.S. (1974 Supp.)] requires every employing agency of law enforcement officers to establish a system for investigation of complaints received from any person? 3. Must an investigation of a police department by the mayor or city council be conducted "in the sunshine"? 4. Can a city council delegate to an investigator or investigators the right to conduct an investigation of the police department in private and then submit its report in public to the city council?
SUMMARY: Chapter 74-274, Laws of Florida, does not apply to investigations of a police department by a city council unless fellow law enforcement officers are used as interrogators and if the interrogation "could lead to disciplinary action, demotion, or dismissal." Section 3, Ch. 74-274, Laws of Florida, does not specify what type of procedure should be established by a municipality which is an "employing agency" for receipt, investigation, and determination of complaints, and a municipality has authority pursuant to s. 116.021(1), F.S., to establish any system for investigation of complaints which does not conflict with Ch. 74-274 or take away rights of employees provided by the city's charter act. Any investigation of the police department by the mayor or outside parties pursuant to authority delegated by the city council is subject to the provisions of the Sunshine Law, s. 286.011, F.S. AS TO QUESTION 1: Chapter 74-274, Laws of Florida [ss. 112.531-112.534, F.S. (1974 Supp.)], is designed to insure certain rights for law enforcement officers. The section granting rights to law enforcement officers while under investigation begins as follows: Whenever a law enforcement officer is under investigation and is subject to interrogation by members of his agency, for any reason which could lead to disciplinary action, demotion, or dismissal, such interrogation shall be conducted under the following conditions: . . . . [Section 2(1).] "His agency" refers to the particular law enforcement agency with which he works and not to the municipality or the state or subdivision thereof which employs him. The latter is specifically defined as "employing agency." See s. 1(2), Ch. 74-274, supra. Therefore, the statute does not apply to any investigations by a city council as long as fellow law enforcement officers are not used as interrogators. Even if the city council does use such officers as interrogators, the act would apply only if the interrogation "could lead to disciplinary action, demotion, or dismissal." AS TO QUESTION 2: With regard to the requirement of s. 3, Ch. 74-274, Laws of Florida, that every employing agency establish a system for investigation of complaints received from any person, it should be noted that s. 3 does not specify what type of procedure should be established but only that "a system for the receipt, investigation, and determination of complaints received by such employing agency from any person" should be established. (Emphasis supplied.) Section 2(2), Ch. 74-274, Laws of Florida, provides that a complaint review board "shall be composed" of persons from specified areas, but does not give it any powers or duties whatsoever. The legislative history of the bill is unilluminating as to what the review board was intended to do. Furthermore, the original bill, Senate Bill 84, from which the act is derived, gave no powers to the board. Because of the broad language of s. 3, I am inclined to the view that the board referred to in s. 2(2) was not intended to operate as a limitation on s. 3. In the case of a city council being the employing agency, s. 116.021(1), F.S., of the Municipal Home Rule Powers Act authorizes municipalities to "exercise any power for municipal purposes, except when expressly prohibited by law." A city council could use this power to establish any system for the investigation of complaints which does not conflict with the requirements of Ch. 74-274, Laws of Florida, or take away any rights of employees provided by the city's charter act. Moreover, the system referred to in s. 3, supra, should be adjusted to whatever type of city government a particular city has — whether city manager, mayor-council, etc. — within the broad guidelines specified by the statute. However, care should be taken to insure that rights granted to city employees under a city's charter act are not abrogated. If a complaint review board is created pursuant to s. 3, it should comply with the statutory requirement; however, the statute does not expressly, or by necessary implication, require the city to create such a board. AS TO QUESTIONS 3 AND 4: The Sunshine Law, s. 286.011, F.S., requires that all meetings of a public board or commission be open to the public. An investigative hearing is within the scope of the law so long as the members of city council discuss any matters on which foreseeable action may be taken by the council. Attorney General Opinion 074-84. The Sunshine Law would be applicable to such investigative hearings irrespective of whether the city council, the mayor, or an outside party or parties presided. In AGO 074-294, this office expressed the view that a single member of a commission to whom the authority to act on behalf of a board or commission has been delegated is subject to the restrictions of the Sunshine Law. In so holding, this office was guided by the following views of Judge Mager as enunciated in I.D.S. Properties v. Town of Palm Beach,279 So.2d 353 (4 D.C.A. Fla., 1973): The Sunshine Law does not provide for any government by delegation exception; a public body cannot escape the application of the Sunshine Law by undertaking to delegate the conduct of public business through an alter ego. See also Jones v. Tanzler, 238 So.2d 41 (Fla. 1970) (Adkins, J., concurring).
Thus, regardless of whether such an investigation is conducted by the mayor or outside parties, so long as the authority to conduct such a hearing is derived from the city and delegated to the mayor or the outside parties by the city, such hearings must comply with s. 286.011, F.S.